STATE OF LOUISIANA

VERSUS

SALEH OMAR

NO. 25-K-20

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

January 15, 2025

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA, SALEH OMAR

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT, PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE LEE V. FAULKNER, JR., DIVISION "P", NUMBER 18-7748

Panel composed of Judges Fredericka Homberg Wicker,
Marc E. Johnson, and Scott U. Schlegel

**WRIT DENIED; STAY LIFTED**

Relators, the State of Louisiana and defendant, Saleh Omar, seek review of the trial court's January 14, 2025 ruling denying their joint motion to continue the trial in this matter. They argue there are outstanding issues pertaining to defendant's competency and sanity that must be resolved prior to trial. Relators also point out that defendant recently changed his plea from not guilty to not guilty by reason of insanity on December 19, 2024.

The decision of whether to grant or refuse a motion for continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent clear abuse of discretion. *State v. Perilloux*, 21-448 (La. App. 5 Cir. 12/20/23), 378 So.3d 280, 314, *writ denied*, 24-104 (La. 9/4/24),

25-K-20

391 So.3d 1055.[1]  In the present case, after review, we cannot say that the trial court abused its discretion by denying the joint motion to continue.

The issue of defendant's competency was recently addressed by this Court. On October 10, 2024, this Court denied defendant's writ application seeking review of the trial court's finding that he was competent to stand trial. *State v. Omar*, 24-456 (La. App. 5 Cir. 10/10/24), 2024 WL 4457525 (unpublished writ disposition). In our disposition, we set forth the relevant history and stated:

> Defendant, Saleh Omar, was indicted in 2018 for second-degree murder. In March of 2020, a court-appointed sanity commission determined that Mr. Omar was incompetent to proceed to trial. Accordingly, the trial court remanded Mr. Omar to East Louisiana Mental Health System (ELMHS) for restoration. In January 2022, the trial court ordered defendant medicated for restoration, and in August 2022, the trial court ordered another sanity evaluation. The sanity commission's December 2022 report again found Mr. Omar to be incompetent to stand trial; he again was committed to ELMHS for restoration.
>
> According to the writ application, doctors at ELMHS determined in February 2024 that Mr. Omar was competent to stand trial. Thus, on March 22, 2024, Mr. Omar was returned to the Jefferson Parish Correctional Center. On May 1, 2024, the sanity commission conducted another evaluation of Mr. Omar with defense counsel present. Notwithstanding the February 2024 determination by ELMHS that Mr. Omar was competent, the May 5, 2024 sanity commission report determined that Mr. Omar was incompetent to stand trial.
>
> On July 3, 2024, the trial court conducted a competency hearing, at which Dr. David Hale, a psychologist from ELMHS, and Dr. Richard Richoux, a forensic psychiatrist and member of the sanity commission, testified. Their reports were entered into evidence. After taking the matter under consideration, the trial court determined that Mr. Omar was competent to stand trial.

---

[1] In support of their position, relators cite the Fourth Circuit's decision in *State v. Barnes*, 11-1186 (La. App. 4 Cir. 8/29/11), 72 So.3d 939, finding that "it is an abuse of the trial court's discretion to deny a motion for continuance when both sides in a criminal case agree to a continuance of trial." Although this Court has cited *Barnes* in similar cases, we have not strictly applied its holding that the trial court must grant any joint motion for continuance *under any circumstances*. In *State v. King*, 21-409 (La. App. 5 Cir. 6/28/21), 2021 WL 2653095, this Court cited *Barnes*, *supra*, but also based its ruling on "the circumstances presented herein." *See also State Briscoe*, 22-430 (La. App. 5 Cir. 9/16/22), 2022 WL 4285683, in which this Court found the trial court abused its discretion by denying the parties' joint motion for continuance but stated, "the decision to grant or refuse a motion for continuance rests within the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent clear abuse of discretion." In *Briscoe*, this Court further stated that "[a] showing of prejudice is generally required to demonstrate that the trial court erred in denying the continuance."

Mr. Omar now seeks review of that ruling, arguing that the court abused its discretion in light of the commission's most recent finding that he was not competent. Defense counsel further argues that it is impossible for Mr. Omar to communicate effectively and to assist in his own defense given his paranoia.

Louisiana law presumes that a defendant is competent to proceed. The defendant has the burden to prove his incapacity to stand trial by a preponderance of the evidence. A reviewing court owes the trial court's determination as to the defendant's competency great weight. As such, we review the trial court's competency determination for an abuse of discretion.

The trial court heard testimony from Dr. Hale of ELMHS and from Dr. Richoux of the sanity commission, evidently giving greater weight to Dr. Hale's competency determination, rendered after Mr. Omar's second extended confinement at ELMHS for treatment. As the record evidence supports the trial court's determination, we find no abuse of discretion. Accordingly, we deny defendant's writ application. (Citations omitted.)

On December 23, 2024, at defendant's request, the trial court ordered that a sanity commission be appointed to report on defendant's competency to proceed to trial and his sanity at the time of the offense. According to the writ application, on January 9, 2025, the doctors of the sanity commission reported that they maintained the opinion that defendant was not competent to proceed to trial.

The record shows that defendant has repeatedly refused to cooperate with the doctors or participate in the evaluation process. In his February 21, 2024, report Dr. Hale stated, "[t]here has been nothing throughout this hospitalization, under the 24/7 scrutiny of eight months on a secured unit, that showed us that Mr. Omar, should he choose to participate, could not demonstrate adequate knowledge of the court proceedings; similarly, there is nothing that he showed us that demonstrates that he has the inability to assist in his own defense."

At the July 3, 2024 competency hearing, Dr. Richoux agreed when counsel asked if defendant's behavior and refusal to cooperate resulted in defendant being "in charge of the entirety of the proceedings, despite the medical efforts of the

experts and doctors." Dr. Richoux testified that defendant is extremely difficult to deal with and that he agreed with the doctors at the hospital that defendant understands the legal proceedings and his rights, but he did not agree that defendant could rationally assist his counsel.

At issue in this writ application, the trial court denied the joint request for a continuance, finding that nothing has changed since its prior determination that defendant was competent to stand trial, which was upheld by this Court. The court found the change in defendant's plea from not guilty to not guilty by reason of insanity was not a valid ground to continue the trial, where there was no indication that defendant would be willing to participate in the evaluations or proceedings in the future. The trial court stated, "[r]efusal to participate does not equate to incompetency."

La C.Cr.P. art. 17 provides that the trial court "has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done." This case was initiated in 2018 and has been met with many delays. Considering the history of this case, defendant's refusal to cooperate, and the absence of any new findings as to defendant's competency since our October 10, 2024 disposition upholding the finding of competency, we cannot say that the trial court abused its discretion by denying the joint motion for continuance and ordering defendant to proceed to trial. Accordingly, we deny this writ application, and we lift the stay of proceedings issued by this Court on January 14, 2025.

Gretna, Louisiana, this 15th day of January, 2025.

**FHW**

4

STATE OF LOUISIANA                    NO. 25-K-20

VERSUS                                FIFTH CIRCUIT

SALEH OMAR                            COURT OF APPEAL

                                      STATE OF LOUISIANA


**SCHLEGEL, J., CONCURS WITH REASONS**


I concur with the writer's decision, but write separately to emphasize that Louisiana courts are not required to grant joint motions for continuance as a matter of law in criminal matters. The decision of whether to grant or refuse a motion for continuance rests within the sound discretion of the trial judge and a reviewing court will not disturb such a determination absent clear abuse of discretion. *State v. Perilloux*, 21-448 (La. App. 5 Cir. 12/20/23), 378 So.3d 280, 314, *writ denied*, 24-104 (La. 9/4/24), 391 So.3d 1055. Further, La. C.Cr.P. art. 17 states that "[The court] has the duty to require that criminal proceedings shall be conducted with dignity and in an orderly and expeditious manner and to so control the proceedings that justice is done."

Justice Crain's dissent in *State v. Watson*, 22-719 (La. 5/1/22), 338 So.3d 1169, clearly shows how the applicable law no longer requires trial courts to grant continuances in criminal matters simply because the parties agree to it:

> Code of Criminal Procedure art. 712 provides that '[a] motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.' Code of Criminal Procedure art. 713 provides 'A motion for continuance based upon peremptory grounds as provided by law shall be granted." The Code of Civil Procedure does not define or provide examples of "peremptory grounds.' To include a joint motion to continue within the scope of that definition, the majority relies on [Official Revision Comment – 1966] comment (a), which states, 'This article negates the idea that when both parties agree to a continuance the court may nevertheless refuse it.' This comment is a holdover from the pre-amendment language of the statute [enacted in 1966], which provided, 'A continuance shall be granted *when the state and the defendant both request it*, or as otherwise provided by law.' (emphasis added). The

5

article was amended in 1982 to delete the italicized language. When the legislature changes the wording of a statute, it is presumed to have intended a change in the law." *Borel v. Young*, 07-0419 (La. 11/27/07), 989 So. 2d 42, 48, *on reh'g* (July 1, 2008). While the comment remains, that is not evidence the legislature desired to maintain this portion of the law. Comments are not the law. *Arabie v. CITGO Petroleum Corp.*, 10-2605 (La. 3/13/12), 89 So.3d 307, 312. Thus, it is no longer the law that a continuance must be granted simply because the parties agree to it.

Surely, the legislature's removal of language mandating courts to grant joint continuances from the law, evidenced its intent to return these requests to the discretion of the trial court. Therefore, the discretionary language contained in La. C.Cr.P. art. 712 applies to the joint motion to continue at issue.

Considering the foregoing, I agree that the trial court did not abuse its discretion by denying the joint motion to continue. The parties argued that a continuance was necessary due to outstanding issues regarding defendant's competency and defendant's December 19, 2024 change of his plea to not guilty and not guilty by reason of insanity. The trial court, however, explained that it denied the request to continue the trial because it had previously found defendant to be competent and that "[n]othing had changed relative to the doctor's opinions."[2] The trial court further observed that issues regarding defendant's NGBRI plea did not serve as grounds to continue the trial because the doctor's reports were replete with information regarding defendant's continued and deliberate refusal to participate in the evaluation process. The trial court also said that there was no indication that defendant would begin to participate in the process anytime in the future and "[r]efusal to participate does not equate to incompetency."

---

[2] This Court denied defendant's writ application seeking review of the trial court's prior finding that defendant was competent to proceed to trial. *State v. Omar*, 24-K-456 (La. App. 5 Cir. 10/10/24), 2024 WL 4457525. This Court found that "[a]s the record evidence supports the trial court's determination, we find no abuse of discretion."

6

The trial court is in the best position to assess the status of the competency issues and he provided thorough reasons for his denial of the continuance. A trial court's determination as to a defendant's competency is afforded great weight, and the trial court's ruling will not be disturbed on appeal absent an abuse of discretion. *State v. Anderson*, 06-2987 (La. 9/9/08), 996 So.2d 973, 992, *cert. denied*, 556 U.S. 1165, 129 S.Ct. 1906, 173 L.Ed.2d 1057 (2009). And most importantly, the trial court has the duty to conduct these proceedings expeditiously and to maintain control of the proceedings to achieve justice for all parties involved. The bill of information was filed on December 13, 2018, 6 years ago. As the trial court stated, "I just see these delays, delays, delays, delays."

**SUS**

STATE OF LOUISIANA

VERSUS

SALEH OMAR

NO. 25-K-20

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

**JOHNSON, J., DISSENTS WITH REASONS**

I, respectfully, dissent from the majority disposition in this matter. Relators, the State of Louisiana and Defendant (Saleh Omar), seek review of the trial court's January 13, 2025 ruling that denied a joint motion to continue the trial. Relators argue that outstanding issues with Defendant's competency and sanity (particularly whether Defendant is competent to proceed to trial) must be properly explored and resolved before this case can proceed to trial. In its oral reasons for judgment, the trial court noted Defendant's recurring lack of participation in the competency examinations and stated Defendant's "[r]efusal to participate does not equate to incompetency."

La. C.Cr.P. art. 707 provides, "Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such motion is in the interest of justice." The decision of whether to grant or refuse a motion for continuance rests within the sound discretion of the trial judge, and a reviewing court will not disturb such a determination absent clear abuse of discretion. *State v. Labranche*, 24-518 (La. App. 5 Cir. 11/6/24), 2024WL4692365, citing *State v. Perilloux*, 21-448 (La. App. 5 Cir. 12/20/23), 378 So.3d 280, 314, *writ denied*, 24-104 (La. 9/4/24), 391 So.3d 1055. In this particular instance, I find that the trial court clearly abused its discretion in denying Relators' joint motion to continue.

25-K-20

On December 19, 2024, the trial court allowed Defendant to change his plea from not guilty to not guilty by reason of insanity. Pursuant to the appointment of the sanity commission, Dr. Richard Richoux examined Defendant on January 8, 2025. Dr. Richoux report concluded, "Mr. Omar probably understands the factual aspects of the legal proceedings as defined by the Bennett Criteria, while lacking a rational understanding of the proceedings. In addition, it remains our opinion that regardless of the extent of his factual knowledge, his continuing psychosis prevents him from rationally assisting counsel." At the January 14, 2025 hearing, Dr. Richoux testified to his opinion on Defendant's current incompetency to proceed to trial. He associated Defendant's refusal to participate in competency examinations to Defendant's paranoid psychosis.

While I acknowledge the frustrations expressed by the trial court with this matter, I find that, because Defendant was allowed to change his plea to not guilty by reason of insanity, whether Defendant is currently competent to stand trial and assist his trial counsel should be resolved prior to trial. Since February 2024, Dr. Richoux's assessment that Defendant is incompetent to proceed to trial is the only evidence of Defendant's competency for the courts to review. Accordingly, I find that, in this particular instance, the trial court clearly abused its discretion in denying the joint motion to continue. In order to prevent a miscarriage of justice in prosecuting a potentially mentally incompetent defendant, I would grant the writ application and reverse the denial of the joint motion to continue, allowing the parties and the court time to determine Defendant's competency.

**MEJ**

2

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN
TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS
DAY **01/15/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF
THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY
COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-K-20**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Hon. Lee V. Faulkner, Jr. (DISTRICT JUDGE)
Ralph S. Whalen, Jr. (Relator)              Thomas J. Butler (Relator)
                                            Darren A. Allemand (Relator)

### MAILED

Honorable Paul D. Connick, Jr. (Relator)
District Attorney
Twenty-Fourth Judicial District
200 Derbigny Street
Gretna, LA 70053